**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRIAN WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-885-SDJ** |
| **FRANK BISIGNANO, COMMISSIONER**<br>**OF SOCIAL SECURITY** | |

**RULING AND ORDER**

Before the Court is an Unopposed Motion for Attorneys' Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412, filed by Plaintiff Brian Williams. (R. Doc. 22). The Commissioner has not filed a response to the Motion. As Plaintiff was the prevailing party, and as the Commissioner does not object, and the fees sought are reasonable, the Motion will be granted. Plaintiff is awarded $1,575 in fees pursuant to the Equal Access to Justice Act.

## I.    Background

In this action, Plaintiff appealed the Commissioner of the Social Security Administration's "fully favorable decision" because  the "ALJ failed to rule on or address in any way Plaintif's motion for a protective filing date in his application for SSI."[1]  Plaintiff filed an application for Title II benefits on April 14, 2022, alleging disability beginning December 9, 2020.[2] Plaintiff subsequently filed an application for Title XVI benefits on November 30, 2023.[3]A hearing was scheduled to address the Title II and Title XVI applications. On February 7, 2024, Plaintiff filed a motion to amend his onset date to April 13, 2022, requested a Title XVI application protective filing date of April 13, 2022, and requested an on-the-record decision.[4]

---

[1] *See* R. Doc. 1 at 1.
[2] See R. Doc. 11-3.
[3] R. Doc. 11-3 at 29.
[4] R. Doc. 11-5 at 93.

Pursuant to Plaintiff's request, the ALJ dismissed the request for hearing and granted an on-the-record decision.[5] The ALJ issued a decision on March 22, 2024, where he noted that Plaintiff changed his alleged onset date to April 13, 2022.[6] The ALJ found Plaintiff was not entitled to Title II benefits because he did not have disability insured status on the alleged onset date and dismissed the Title II request for hearing.[7] The ALJ briefly noted Plaintiff's requested protective filing date, April 13, 2022, for supplemental security income.[8] The ALJ ultimately determined that "based on the application for supplemental security income filed on November 21, 2023, the claimant has been disabled under section 1614(a)(3)(A) of the Social Security Act since April 13, 2022. Supplemental security income does not become payable until the month after the month in which the application is filed."[9] Plaintiff requested Appeals Council review of the ALJ's decision which was denied. On October 23, 2024, Plaintiff appealed to this Court and timely filed his Complaint in this Court.[10]

Plaintiff filed a Memorandum in Support of Appeal.[11] In response, the Commissioner filed an Opposition Memorandum, followed by a Reply Memorandum by Plaintiff. On March 27, 2026, this Court issued an Order stating that "the Commissioner's decision be vacated and the case remanded for further administrative proceedings".[12] On April 22, 2026, counsel for Plaintiff filed

---

[5] R. Doc. 11-3 at 12.

[6] R. Doc. 11-3 at 12.

[7] Plaintiff's date last insured was December 31, 2012 (Tr. 38). The Act is clear that a claimant who becomes disabled after the expiration of his insured status is not entitled to benefits. *See* 42 U.S.C. §§ 416(i)(3), 423(c); *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992); *Oldham v. Schweiker*, 660 F.2d 1078, 1080 (5th Cir. 1981). Thus, to be eligible for Title II disability insurance benefits, Plaintiff must establish that he became disabled on or before April 13, 2022. *See Ivy v. Sullivan*, 898 F.2d 1045, 1048 (5th Cir. 1990) (claimants bear the burden of establishing a disabling condition before the expiration of their insured status); *see also* 20 C.F.R. § 404.131(b)(1) (must have disability insured status to be entitled to DIB benefits).

[8] R. Doc. 11-3 at 15.

[9] R. Doc. 11-3 at 16 citing 20 CFR 416.335.

[10] R. Doc. 1.

[11] R. Doc. 15.

[12] R. Doc. 20.

the Unopposed Motion for Attorney's Fees.[13]As the Commissioner has not filed an opposition or other response, the Court considers the Motions unopposed.

## II.    Law and Analysis

The EAJA provides that a court shall award attorney fees and costs to a prevailing party in a civil action brought against the United States.  28 U.S.C. § 2412.  Attorney fees shall be awarded to a prevailing party "unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  There is no dispute that Plaintiff is the prevailing party and is, therefore, entitled to an award of fees and costs under the EAJA.  There also is no dispute either about the number of hours for which Plaintiff is claiming compensation or the hourly rate sought.[14]

Here, Plaintiff alleges that 9 attorney hours of work were performed.[15] The hourly rate being sought is $175 per hour.[16]  The Court has reviewed the time/cost accounting documents submitted in support of the Motion and agrees that 9 hours of attorney time is a reasonable amount of time and that $175 is a reasonable hourly rate.

---

[13] R. Doc. 22.

[14] This district has consistently exceeded the $125.00 cap in cases decided since 2014. *See, e.g., Craig v. Colvin*, No. 15-583, 2016 WL 4689044, at *2 (M.D. La. Sept. 6, 2016) ("In the past few years, the Middle District of Louisiana has consistently awarded a rate of $150 per hour for attorney work, and this Court finds that an hourly rate of $150 is reasonable and consistent with the dual purpose of the EAJA."); *Crain v. Colvin*, No. 14-12, 2015 WL 7761326 at *2 (M.D. La. Dec. 2, 2015) ("conclu[ding] that $150.00 is a reasonable hourly rate to compensate the plaintiff's attorneys"); *Williams v. Comm'r of Soc. Sec.*, No. 13-10, 2015 WL 1323347, *1 (M.D. La. Mar. 24, 2015) (finding requested rate of $150.00 per hour "reasonable").  More recently, this court has held that $175.00 per hour was a reasonable fee for attorney time, which includes a cost-of-living adjustment to the statutory cap of $125.00. *See Gann v. Colvin*, No. 14-189, 2017 WL 385038, at *3 (M.D. La. Jan. 27, 2017) (finding "that an hourly rate of $175.00 satisfies the goals of the EAJA—increasing rates only to the extent necessary to ensure an adequate source of representation and not exceeding the percentage by which the market rate attorney's fees have increased since the statute was enacted in 1981"); *see also Sibley v. Kijakazi*, No. 20-759, 2022 WL 1559073, at *1 (M.D. La. May 17, 2022) (granting Plaintiff's request for attorney fees at the hourly rate of $175); *Ricks v. Comm'r of Soc. Sec.*, No. 18-1097, 2020 WL 2130989, at *1 (M.D. La. May 5, 2020) (awarding attorney fees at a rate of $175 an hour). Accordingly, the $175.00 per hour fee for attorney time sought in the Motion is reasonable.

[15] R. Doc. 22.

[16] *Id.*

The practice in this Circuit, however, has been to award EAJA attorney fees directly to the plaintiff.[17]  In keeping with this precedent, the award of EAJA attorney fees in this case is to be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

**III.     Conclusion**

Accordingly,

**IT IS ORDERED** that Plaintiff's Unopposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (R. Doc. 22) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Commissioner shall remit to Plaintiff's counsel a check made payable to "Brian Williams" for attorney fees in the amount of $1,575.00 (9 hours at $175.00 per hour), pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).  The check may be mailed to Plaintiff's counsel.  Full or partial remittance of the awarded fee is contingent upon a determination by the Commissioner that Plaintiff does not owe any qualifying, pre-existing debt(s) to the Government.  The Commissioner will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s) and forward the remainder of the award, as set forth herein.

Signed in Baton Rouge, Louisiana, on May 18, 2026.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] *See Jackson v. Astrue*, 705 F.3d 527, 531 n. 11 (5th Cir. 2013) (nothing that "the government pays EAJA fees directly to the litigant"); *Craig v. Colvin*, No. 15-583, 2016 WL 4689044, *3 (M.D. La. Sep. 6, 2016) (holding that under *Ratliff* award shall be made directly to the plaintiff, not her counsel).